# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-514V
(not to be published)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | | Special Master Corcoran |
| JAMES RITCHIE, | * | |
| | * | |
| Petitioner, | * | Filed: March 23, 2018 |
| | * | |
| v. | * | Decision; Final Fees and Costs. |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Isaiah R. Kalinowski,* Maglio Christopher and Toale, PA, Washington, DC, for Petitioner.

*Ryan Pyles,* U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING IN PART A FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On April 27, 2016, James Ritchie filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleged that he suffered from a neuropathy as a result of receiving the influenza vaccine on October 17, 2013. The parties ultimately agreed that the issues before them could be informally resolved and submitted a stipulation for damages on September 29, 2017, which I adopted by decision that same day (ECF No. 31).

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner has now filed a motion requesting final attorney's fees and costs. *See* Motion for Attorney's Fees, dated Feb. 24, 2018 (ECF No. 36) ("Fees App."). Petitioner requests reimbursement of attorney's fees and costs in the total amount of $34,510.92 (representing $33,190.00 in attorney's fees, plus $1,320.92 in costs). *Id.* at 1-2. In accordance with General Order No. 9, Petitioner indicated that his only expense was $22.40. Ex. 39 at 1. Respondent filed a document reacting to the fees request on February 26, 2018, stating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring to my discretion the determination of the amount to be awarded. ECF No. 37 at 2-3. Petitioner filed a reply on February 28, 2018, labeling Respondent's response (recommending that I exercise my discretion in determining a fee award) as "overly burdensome" and prejudicial to Petitioner. *See* Reply, filed Feb. 28, 2018 (ECF No. 38) at 1-2. Petitioner thus asserted that Respondent's response should be interpreted as an "unopposed" response, giving me the authority to grant the fee award "without further analysis." *Id.* at 2.

Vaccine Program attorneys are entitled to a fees award in successful cases. Determining the appropriate <u>amount</u> of that award is a two-part process. The first part involves application of the lodestar method – "multiplying the number of hours reasonably expended[3] on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Avera*, 515 F.3d at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429-37 (1983).

Petitioner asks that his counsel, Mr. Isaiah Kalinowski, and his paralegals be reimbursed at varying rates for work performed from 2015-2018. Petitioner requests $341 per hour for Mr.

---

[3] An attorney's reasonable hourly rate is more precisely understood to be the "prevailing market rate" in the relevant forum. *Avera*, 515 F.3d at 1349; *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *2 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for rev. denied*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011). That rate is in turn determined by the "forum rule," which bases the award rate on rates paid to similarly qualified attorneys in the forum where the relevant court sits (Washington, D.C., for Vaccine Program cases). *Avera*, 515 F.3d at 1348. After the hourly rate is determined, the reasonableness of the total hours expended must be considered. *Sabella*, 86 Fed. Cl. at 205-06. This reasonableness inquiry involves consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley*, 461 U.S. at 434, 437.

In some cases, determining the proper hourly rate for a particular attorney requires consideration of whether there is a significant disparity between the forum rate applicable to the Vaccine Program generally and the geographic forum in which the attorney practices, in order to adjust the rate used for the lodestar calculation. *Avera*, 515 F.3d at 1349, (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

Kalinowski's work in 2015, with increases to $349 per hour in 2016, $358 per hour in 2017, and $368 per hour in 2018. *See* Ex. 37 at 14. Petitioner also requests compensation for the work of seven different paralegals completed in 2015-2018, with per-hour rates ranging from $95-148. *Id.*

In my past decisions, I have determined that Maglio Firm attorneys like Mr. Kalinowski, are entitled to forum rates. *See, e.g.*, *Dezern v. Sec'y of Health & Human Servs.,* No. 13-643, 2016 WL 6678496 (Fed. Cl. Spec. Mstr. Oct. 14, 2016); *Scharfenberger v. Sec'y of Health & Human Servs.*, No. 11-221V, 2015 WL 3526559 (Fed. Cl. Spec. Mstr. May 15, 2015), *aff'd*, 124 Fed. Cl. 225 (2015). This determination is also consistent with decisions issued by other special masters. *See, e.g.*, *O'Neil v. Sec'y of Heath & Human Servs.*, No. 08-243V, 2015 WL 2399211 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). The hourly rates requested herein by Mr. Kalinowski and his paralegals are also consistent with those awarded by other special masters, and I will likewise award them. *See, e.g.*, *Stewart v. Sec'y of Health & Human Servs.,* No. 12-776V, 2017 WL 2807955 (Fed. Cl. Spec. Mstr. May 30, 2017) (awarding $349 per hour for 2016 and $358 per hour for 2017); *Snyder v. Sec'y of Health & Human Servs.*, No. 14-482V, 2017 WL 1291794 (Fed. Cl. Spec. Mstr. Mar. 13, 2017) (awarding $349 per hour for 2016); *McGrath v. Sec'y of Health & Human Servs.*, No. 15-0275V, 2016 WL 8257731, at *5 (Fed. Cl. Spec. Mstr. Oct. 27, 2016) (awarding $325 per hour for 2015 and $349 per hour for 2016). Furthermore, Mr. Kalinowski's requested increase to $368 per hour for work completed in 2018, as well as an increase in paralegal rate to $148 in 2018, are reasonable and consistent with the forum rate chart set forth on the Court of Federal Claims's website,[4] and will be awarded.

However, I will make one reduction to Mr. Kalinowski's rate. It appears that Mr. Kalinowski has been awarded two different rates for 2015. *See, e.g.*, *Stewart*, 2017 WL 2807955, at *2 (awarding a rate of $341 for 2015); *McGrath*, 2016 WL 8257731, at *5 (awarding a rate of $325 per hour for 2015). I find the lower rate ($325 per hour) award to be reasonable and more consistent with the Office of Special Masters' 2015 fee schedule, given Mr. Kalinowski's nine to ten years of experience in 2015. I will thus compensate Mr. Kalinowski at a rate of $325 per hour for 2015 (resulting in per-hour rates as follows: $325 per hour for 2015; $349 per hour in 2016; $358 per hour in 2017; and $368 in 2018). Upon review of the billing record, Mr. Kalinowski only completed 0.2 hours of work in 2015, resulting in an overall fee reduction of $3.20.

The majority of the hours expended on this matter (114.80 hours in total) appear to be reasonable for a case that has lasted roughly two years, and resulted in a successful settlement. This case has also proceeded in a timely fashion, and Petitioner's counsel efficiently used his time

---

[4] *See* Office of Special Masters Attorneys' Hourly Rate Fee Schedule: 2018, https://www.uscfc.uscourts.gov/node/2914 (last accessed on Mar. 9, 2018).

to resolve the case. I do not find any particular billing entries to be objectionable, nor has Respondent identified any as such. Therefore, the requested hours will be reimbursed in full.

Petitioner also requests that counsel be reimbursed for $1,320.92 in costs (representing the filing fee, medical records requests, postage costs, and travel expenses). Ex. 38 at 1.  Upon my review of the billing record, the costs expended on this matter by counsel appear to be reasonable, and Respondent did not identify any entries as objectionable. Thus, the requested litigation costs are reasonable and will be awarded in full.

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of a fees awards, and based on the foregoing, I hereby **GRANT IN PART** Petitioner's Motion for Final Attorney's Fees and Costs, and award a total of $34,507.72, in the form of a check jointly payable to Petitioner and Petitioner's counsel, Mr. Isaiah Kalinowski, Esq. I also award $22.40, in the form of a check payable to Petitioner, James Ritchie, for the personal costs he expended on the matter. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court SHALL ENTER JUDGMENT in accordance with the terms of this decision.[5]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.